PAUL GENZ, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. The defence of insanity must be proved to the satisfaction of the jury, and it was error to charge that "it is the rule, as established, that where the proof or evidence leaves the question of sanity in doubt, then the jury ought to find against the defendant on that question, and that, if insanity is not proved beyond a reasonable doubt, he cannot have the benefit of this defence." *Graves* v. *State,* 16 *Vroom* 203, 347, followed.

2. The opinions of non-professional witnesses as to the insanity of the prisoner, grounded on facts and circumstances stated to be within their personal knowledge, are competent and should go to the jury.

3. An instruction that emotional insanity "depends upon the mere emotions of the time, arising from some defective or perverted moral sense, which begins on the eve of a criminal act and ends when it is finished," was not erroneous.

4. When there was nothing in the case to warrant a verdict of manslaughter, it was not error to instruct the jury that there could be no verdict of manslaughter.

This cause comes to this court on writ of error to the Oyer and Terminer of the county of Hudson. The plaintiff in error was tried at the April Term, 1895, of said Oyer, and convicted of murder in the first degree.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *William S. Stuhr* and *Gilbert Collins.*

For the state, *Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

LUDLOW, J. There are several assignments of error, the chief of which is on the charge of the judge on the defence of insanity. In his charge on this subject, the learned judge said: "It has been contended here on argument that this defence of insanity, in order to be effectual to acquit the prisoner, must be established by him beyond a reasonable doubt. It has been declared, and it is the rule as established, that where the proof or evidence leaves the question of sanity in doubt, then the jury ought to find against him on this question. If insanity is not proved beyond a reasonable doubt, he cannot have the benefit of this defence."

This is directly at variance with the rules announced by this court in *State* v. *Graves,* 16 *Vroom* 203, and affirmed in the Court of Errors. *Id.* 347. The defence of insanity must be proved to the satisfaction of the jury, and it may be established by the preponderance of proof.

There can be no question as to the harmful influence of such an instruction by the court, which, not having been distinctly withdrawn and corrected, must have misled the jury, and that it is error which works a reversal of the judgment.

There were other errors assigned. Several of these are based on the refusal of the court to receive the opinions of non-professional witnesses as to the insanity of the prisoner.

Without particularly specifying them, it is sufficient to say that such opinions of such witnesses, grounded on facts and circumstances within their personal knowledge, and stated, are held to be competent, and should go to the jury, who are to estimate their worth. *Connecticut Mutual Life Insurance Co.* v. *Lathrop,* 111 *U. S.* 612; *In re Vanauken,* 2 *Stock.* 186; 7 *Am. & Eng. Encyl. L.* 505.

The plaintiff in error also challenges the ruling of the court upon the subject of emotional insanity, an insanity which, as the learned justice well stated in his charge, "depends upon the mere emotions of the time, arising from some defective or perverted moral sense, which begins on the eve of a criminal act and ends when it is finished." There is no error in this holding. It is difficult to comprehend how such holding could in any way injure the peculiar line of defence, which in this case is based on psychic epilepsy. Neither was there any error in the instruction of the court that there could be no verdict of manslaughter. There was nothing in the case to warrant a verdict of manslaughter.

Error is assigned on the statement of the court in the charge that the killing of the woman by the plaintiff in error was conceded; the case shows this in all directions, and the defence admits it. As to the motive for the crime, as charged by the court and excepted to, there is nothing objectionable. The jury had the facts.

The chief ground of error is as to that part of the judge's charge which treats of the defence of insanity. There is no doubt that the judge considered that by subsequent words he had modified his original instruction so as to make it conform to the rule laid down in State *v.* Graves, but as the objectionable charge was not distinctly withdrawn its effect on the jury could not be measured, and it was error as left by the charge. As to the admission of the photograph, there is no error of consequence. Very little use was made, or could be made, of it to the injury of the plaintiff in error.

The judgment is reversed.